FILED by CF D.C.
ELECTRONIC
DEC 21, 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **12-20947-CR-LENARD/O'SULLIVAN**

21 U.S.C. §§ 331(k), 333(a)(2), and 352(a)
18 U.S.C. § 371
18 U.S.C. § 2315
18 U.S.C. § 2314
18 U.S.C. § 659
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853

UNITED STATES OF AMERICA

v.

ADRIAN MARINO,
a/k/a "Alex Gonzalez,"
HENRY TARRIO, JR., and
ROBERTO MARINO,

      Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### FOOD, DRUG, & COSMETIC ACT REGULATIONS

1.    The United States Food and Drug Administration (the "FDA") was the federal agency charged with the responsibility of protecting the health and safety of the American public by enforcing the Federal Food, Drug, and Cosmetic Act (the "FDCA"), which was codified at Title 21, United States Code, Sections 301-397. One purpose of the FDCA was to ensure that medical devices sold for human use were safe, effective, and bore labeling containing only true and accurate information. The FDA's responsibilities under the FDCA include regulating the

manufacturing, labeling, and distribution of all medical devices and medical device components shipped and received in interstate commerce.

2. Under the FDCA, a "device" was defined, in relevant part, as "an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which [was] . . . intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease, in man or other animals, or intended to affect the structure or function of the body of man or other animals, and which does not achieve its primary intended purposes through chemical action within or on the body of man or other animals and which [was] not dependent upon being metabolized for the achievement of its primary intended purposes." Title 21, United States Code, Section 321(h)(2) and (3). A diabetic test strip was considered a "device" under the FDCA's definition.

3. Under the FDCA, a device was deemed "misbranded" if its labeling was false or misleading in any particular. Title 21, United States Code, Section 352(a). "Labeling," in turn, was defined by the FDCA as "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article." Title 21, United States Code, Section 321(m).

4. The FDCA made unlawful the doing of any act to a device, or the causing thereof, while the device was held for sale, after the device's shipment in interstate commerce, which results in the device being misbranded. Title 21, United States Code, Section 331(k).

## COUNT 1
**Misbranding FDCA Devices While Held for Sale after Shipment in Interstate Commerce
(Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a))**

2

1.  Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.  From on or about September 15, 2011, through on or about August 17, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ADRIAN MARINO,**
**a/k/a "Alex Gonzalez,"**
**HENRY TARRIO, JR.,**
**and**
**ROBERTO MARINO,**

acting with intent to defraud and mislead, did, while devices, that is, Abbott Labs FreeStyle Lite diabetic test strips, were held for sale, and after said devices had been shipped in interstate commerce, replace the manufacturer's labeling on the devices with labeling that included false information, that is, false lot numbers and false expiration dates, which resulted in the Abbott Labs FreeStyle Lite diabetic test strips being misbranded while held for sale within the meaning of Title 21, United States Code, Section 352(a), in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2), and Title 18, United States Code, Section 2.

## COUNT 2
### Conspiracy to Receive, Possess, and Sell Stolen Goods
### (Title 18, United States Code, Section 371)

From in or around June 2011, the exact date being unknown to the Grand Jury, through on or about August 17, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ADRIAN MARINO,**
**a/k/a "Alex Gonzalez,"**
**HENRY TARRIO, JR.,**

**and**
**ROBERTO MARINO,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury to commit an offense against the United States, that is, to knowingly receive, possess, conceal, store, barter, sell, and dispose of any goods, wares and merchandise, valued at $5,000 or more, which had crossed a State boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Section 2315.

## OBJECT AND PURPOSE OF THE CONSPIRACY

1. It was the object and purpose of the conspiracy for the defendants and their coconspirators to unlawfully enrich themselves by receiving, possessing, concealing, storing, bartering, selling, and disposing of stolen goods, that is, Abbott Labs FreeStyle Lite diabetic test strips.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their coconspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

2. **ADRIAN MARINO, HENRY TARRIO, JR., ROBERTO MARINO,** and their coconspirators came into possession of wholesale quantities of FDA-regulated medical devices, that is, Abbott Lab FreeStyle Lite diabetic test strips, that were stolen in or around June 2011 from a motor truck or trailer in Louisville, Kentucky (hereinafter, referred to as the "Stolen Lot").

3. **ADRIAN MARINO, HENRY TARRIO, JR., ROBERTO MARINO,** and their coconspirators sold wholesale quantities of the Stolen Lot in the State of Florida and elsewhere, knowing that the diabetic test strips had been obtained from unlawful channels of wholesale

4

distribution.

4. **ADRIAN MARINO, HENRY TARRIO, JR.,** and **ROBERTO MARINO** sold diabetic test strips from the Stolen Lot at a price well-below their typical wholesale acquisition cost and fair market value.

5. In selling the Stolen Lot, **ADRIAN MARINO, HENRY TARRIO, JR.,** and **ROBERTO MARINO** caused the stolen diabetic test strips to be distributed into interstate commerce, where they eventually were acquired by mid-level and retail pharmaceutical companies, some of which filled prescriptions for unsuspecting customers.

6. To avoid detection of the scheme, **ADRIAN MARINO, HENRY TARRIO, JR.,** and **ROBERTO MARINO** falsified the true and accurate lot numbers on the packaging for the Stolen Lot, in order to create the fiction that the diabetic test strips had been acquired and distributed lawfully.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one of the coconspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. In September 2011, a known coconspirator, in Miami, Florida, contacted an individual in California who was in the business of buying and selling medical supplies, and offered to sell that person Abbott Labs FreeStyle Lite diabetic test strips well-below market value.

2. On or about September 15, 2011, in Miami, Florida, **ADRIAN MARINO** sold 2,000 boxes of stolen Abbott Labs FreeStyle Lite diabetic test strips to a confidential informant, posing as one of the Californian's business acquaintances, for $14,000.

3. On or about November 16, 2011, in Miami, Florida, **ADRIAN MARINO** sold 976 boxes of Abbott Labs FreeStyle Lite diabetic test strips, from the Stolen Lot, to "J.P." for $19,000.

4. On or about November 28, 2011, in Miami, Florida, **ADRIAN MARINO** and **HENRY TARRIO, JR.** attempted to sell 5,000 boxes of Abbott Labs FreeStyle Lite diabetic test strips, from the Stolen Lot, to "T.L." and "Y.L."

5. On or about June 22, 2012, in Miami, Florida, **ADRIAN MARINO** and **HENRY TARRIO, JR.** sold 1,200 boxes of Abbott Labs FreeStyle Lite diabetic test strips, from the Stolen Lot, to "S.A." and "E.V." for $13,200.

6. On or about August 17, 2012, in Miami, Florida, **ROBERTO MARINO** and **HENRY TARRIO, JR.** sold 2,000 boxes of Abbott Labs FreeStyle Lite diabetic test strips, from the Stolen Lot, to an undercover law enforcement officer, for $22,000.

All in violation of Title 18, United States Code, Section 371.

### COUNT 3
### Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods
### (Title 18, United States Code, Section 2315)

On or about June 22, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ADRIAN MARINO,**
a/k/a "Alex Gonzalez,"
and
**HENRY TARRIO, JR.,**

did knowingly receive, possess, conceal, store, barter, sell, and dispose of any goods, wares, and merchandise, valued at $5,000 or more, that is, Abbott Labs FreeStyle Lite diabetic test strips, which had crossed a State boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United

States Code, Sections 2315 and 2.

## COUNT 4
### Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods
### (Title 18, United States Code, Section 2315)

On or about August 17, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**HENRY TARRIO, JR.,**
and
**ROBERTO MARINO,**

did knowingly receive, possess, conceal, store, barter, sell, and dispose of any goods, wares, and merchandise, valued at $5,000 or more, that is, Abbott Labs FreeStyle Lite diabetic test strips, which had crossed a State boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Sections 2315 and 2.

## COUNT 5
### Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce
### (Title 18, United States Code, Section 2314)

On or about June 22, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ADRIAN MARINO,**
a/k/a "Alex Gonzalez,"
and
**HENRY TARRIO, JR.,**

did knowingly transport, transmit, and transfer in interstate commerce any good, ware, and merchandise, of the value of $5,000 or more, that is, Abbott Labs FreeStyle Lite diabetic test strips, knowing the same to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT 6
### Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight
### (Title 18, United States Code, Section 659)

On or about June 22, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ADRIAN MARINO,**
a/k/a "Alex Gonzalez,"
and
**HENRY TARRIO, JR.,**

did knowingly receive and have in their possession, goods valued at $1,000 or more, that is, Abbott Labs FreeStyle Lite diabetic test strips, which had been stolen, unlawfully taken, and carried away from a motor truck and trailer in Louisville, Kentucky, which were moving as, and which were a part of, and which constituted, an interstate shipment of freight, knowing the same to have been stolen, in violation of Title 18, United States Code, Sections 659 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are re-alleged and incorporated herein by reference for the purpose of alleging forfeitures to the United States of America of certain property in which the defendants, **ADRIAN MARINO**, a/k/a "Alex Gonzalez," **HENRY TARRIO, JR.**, and **ROBERTO MARINO**, have an interest.

2. Upon conviction of any of the violations alleged in Counts 1 - 6 of this Indictment, the defendant(s) shall immediately forfeit all of his rights, title, and interest to the United States to any property, real or personal, which constitutes or is derived from proceeds traceable to such violation(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property which is subject to forfeiture includes, but is not limited to, Abbott Labs FreeStyle Lite diabetic test strips, which are traceable to the commission of the violations alleged in this Indictment.

8

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable hereto by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
VANESSA SINGH JOHANNES
ASSISTANT UNITED STATES ATTORNEY

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ADRIAN MARINO,
a/k/a "Alex Gonzalez",
HENRY TARRIO, JR., and
ROBERTO MARINO,

           **Defendants.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

  _X_ Miami   ___ Key West
  ___ FTL   ___ WPB   ___ FTP

New Defendant(s)    Yes ___   No ___
Number of New Defendants  ___
Total number of counts  ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect  _____

4. This case will take   3-5   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                               (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | ___ |
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem. | ___ |
| IV | 21 to 60 days | ___ | Felony | X |
| V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No)   NO
If yes:
Judge: _____ Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No)   NO
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No)   NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

                                                     _/s/ Vanessa S. Johannes_____
                                                   VANESSA S. JOHANNES
                                                   ASSISTANT UNITED STATES ATTORNEY
                                                    COURT ID NUMBER. A5501644

*Penalty Sheet(s) attached

                                                                                                    REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ADRIAN MARINO

**Case No:**

Count: 1

Misbranding FDCA Devices While Held for Sale after Shipment in Interstate Commerce

Title 21, United States Code, Section 331(k), (333)(a)(2), and 352(a)

\* **Max. Penalty**: 10 Years' Imprisonment

Count: 2

Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

\* **Max. Penalty**: 5 Years' Imprisonment

Counts: 3-4

Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

\* **Max. Penalty**: 10 Years' Imprisonment

Count: 5

Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce

Title 18, United States Code, Section 2314

\* **Max. Penalty**: 10 Years' Imprisonment

Count: 6

Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight

Title 18, United States Code, Section 659

\* **Max. Penalty**: 10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: HENRY TARRIO, JR.

**Case No**:

Count: 1

Misbranding FDCA Devices While Held for Sale after Shipment in Interstate Commerce

Title 21, United States Code, Section 331(k), (333)(a)(2), and 352(a)

\* **Max. Penalty**: 10 Years' Imprisonment

Count: 2

Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

\* **Max. Penalty**: 5 Years' Imprisonment

Counts: 3-4

Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

\* **Max. Penalty**: 10 Years' Imprisonment

Count: 5

Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce

Title 18, United States Code, Section 2314

\* **Max. Penalty**: 10 Years' Imprisonment

Count: 6

Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight

Title 18, United States Code, Section 659

**\* Max. Penalty**: 10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: ROBERTO MARINO**

**Case No:**

Count: 1

Misbranding FDCA Devices While Held for Sale after Shipment in Interstate Commerce

Title 21, United States Code, Section 331(k), (333)(a)(2), and 352(a)

\* **Max. Penalty**: 10 Years' Imprisonment

Count: 2

Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

\* **Max. Penalty**: 5 Years' Imprisonment

Count: 4

Possessing, Concealing, Storing, Bartering, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

\* **Max. Penalty**: 10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**